UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL NAVEH, ) | Judge: |
| ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT AND JURY** |
| ) | **TRIAL DEMAND** |
| HILLEL TORAH ENDOWMENT ) | |
| FOUNDATION, JEWISH ) | |
| UNITED FUND OF CHICAGO, ) | |
| THE BOARD OF TRUSTEES OF ) | |
| THE UNIVERSITY OF ILLINOIS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Ariel Naveh (hereafter "Naveh" or "Plaintiff"), by and through undersigned counsel, as and for his Complaint in this action against the Hillel Torah Endowment Foundation for Jewish Campus Life (hereafter "Hillel"), Jewish United Fund of Chicago (hereafter "Defendant" or "JUF"), and the Board of Trustees of the University of Illinois (hereafter "UIUC Hillel") hereby alleges as follows:

### NATURE OF THE CLAIMS

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to his sexual orientation in violation of Title IX of the Equal Opportunity in Education Act of 1972, 20 U.S.C. § 1681 et seq. ("Title IX"), Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. ("Title VII"), and the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq. ("IHRA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiff's claims arising under the United States Constitution and federal statutes pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants reside and maintain its principal place of business in this district.

## ADMINISTRATIVE PROCEDURES

4. Prior to the filing of this Complaint, Plaintiff timely filed a charge of discrimination with the State of Illinois Human Rights Commission, which initiated a concurrent charge with the Equal Employment Opportunity Commission ("EEOC"). Plaintiffs' EEOC charge arises out of many of the same facts alleged herein that pertain to his discrimination claim. (See Exhibit A).

5. The EEOC conducted its initial review and issued its right to sue notice to the Plaintiff on around April 14, 2022. (See Exhibit B).

6. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

7. Plaintiff Naveh was at the time of the events described in this Complaint, a resident of Champaign County, Illinois. At all relevant times, Plaintiff meets and has met the definition of an "employee" of Hillel under all applicable statutes.

8. Hillel is a 501(c)(3) foundation registered in Washington, D.C. Hillel's stated mission is "to enrich the lives of Jewish undergraduate and graduate so that they may enrich the Jewish people and the world."

UIUC Hillel is a branch of Hillel, operating in concert with the University of Illinois Urbana-Champaign campus, which is an educational institution receiving Federal funding residing in Champaign County, IL.

JUF is a non-profit corporation with a registered office of 30 S. Wells Street, Chicago, Illinois 60606.

## FACTUAL ALLEGATIONS

9. Plaintiff Naveh was an employee of Defendants as defined under Title IX, Title VI, Title VII, and the IHRA.

10. Plaintiff was hired by Defendant JUF on or about July 10, 2017, as a Senior Jewish Educator through UIUC Hillel. Plaintiff is trained and recognized as a Rabbi in the Jewish faith and was qualified and fit to serve in the role of Senior Jewish Educator.

11. Plaintiff is an openly homosexual man, a fact known to the Defendant JUF, as early as May 2017.

12. Defendant UIUC Hillel is a local branch of Hillel, a national organization designed to support Jewish student life on college and university campuses. As a campus organization within an educational institution receiving Federal funding, UIUC Hillel is subject to the requirements of Title IX and Title VI.

13. Defendants are also employers as defined in Title VII and is subject to all requirements therein.

14. Plaintiff performed all of his tasks exceedingly well throughout his tenure with the Defendants, often spearheading initiatives to foster inclusion and acceptance between the Defendants and the LGBTQIA+ community of the University of Illinois Urbana-Champaign campus.

15. Plaintiff was the only openly homosexual individual employed by the JUF or UIUC Hillel.

16. Plaintiff observed and reported a pattern of discrimination and hostility based upon sexual orientation to his employer, but Defendants took no steps to remediate any of the issues that Plaintiff reported.

17. Rather than address Plaintiff's complaints, Defendants subjected Plaintiff to a series of unsupported and baseless reviews and disciplinary actions that similarly situated heterosexual employees were not subjected to.

18. In December 2018, Defendants reprimanded Plaintiff for engaging in consensual physical contact with another man in a social setting.

19. This reported physical contact was in August 2018, while Plaintiff attended a professional development conference. The contact took place outside of working hours.

20. Although heterosexual colleagues engaged in similar activities at professional development conferences, based upon information and belief, no heterosexual employees of Defendants were reprimanded for any physical contact with members of the opposite sex.

21. As part of Defendants' reprimand of Plaintiff, Defendants required Plaintiff to work with a professional mentor. Plaintiff sought out and found a homosexual mentor willing to serve in a professional development role for the Plaintiff. The Defendants, without explanation of any qualification criteria for mentors, disallowed Plaintiff's chosen mentor. Defendants then appointed a heterosexual mentor for Plaintiff.

22. In March 2019, Plaintiff organized an event to discuss the ability for Orthodox Judaism to accept homosexuality. A fellow employee of Defendants vehemently, vocally, and publicly opposed this interpretation of Orthodox Judaism.

23. Rather than reprimand the offending party, Defendants admonished Plaintiff and instructed Plaintiff to resolve any conflict or discord arising from the March 2019 event.

24. Defendants notified Plaintiff on or about November 3, 2020, that a fellow employee made a report of lude and inappropriate comments by the Plaintiff in the Fall of 2019.

25. Plaintiff denied making said comments.

26. Rather than investigate the allegations, Defendants terminated Plaintiff's employment on or about November 5, 2020.

27. Defendants' proffered reasons for its decision have no basis in fact and are merely a pretext for its discriminatory motivations for terminating Plaintiff's employment.

28. Defendants' actual motivations for terminating Plaintiff's employment were based upon Plaintiff's sexual orientation.

**FIRST CAUSE OF ACTION**
**Violation of Title IX Against all Defendants**

29. Plaintiff realleges paragraph 1 through 28 above.

30. At all times relevant hereto Plaintiff was an individual entitled to the protections set forth in Title IX against discrimination in the education environment on the basis of his sexual orientation.

31. At all times material hereto, Defendants was an educational agency within the meaning of Title IX and as such was prohibited from discriminating directly or failing to correct discrimination in the public education environment on the basis of sex and sexual orientation.

32. Plaintiff has been discriminated against by the Defendants on the basis of his sex and sexual orientation in violation of Title IX by the course of conduct that failed to effectively correct, and had the effect of encouraging unwelcome sexual, sexual orientation and gender harassment by supervisors and peers, that created a hostile and abusive educational environment

and substantially deprived Plaintiff of equal access to opportunities within an educational agency, and by terminating Plaintiff's employment.

33. This course of conduct of the Defendants was outrageous, was done in a deliberate, callous, malicious, fraudulent, and oppressive manner intended to injure Plaintiff, was with an improper motive amounting to malice and spite caused by the individual actions of Hillel representatives, agents and employees to wrongfully deprive Plaintiff of employment within an educational agency.

34. As a proximate result of Defendants' discrimination, Plaintiff has suffered substantial financial losses, he has suffered severe and lasting humiliation, anguish, pain, suffering, and damage to his good name and reputation, as well other incidental and consequential damages and expenses, plus expenses and attorneys' fees incurred in seeking to remedy his injuries.

## SECOND CAUSE OF ACTION
## Violation of Title VII Against all Defendants

35. Plaintiff realleges paragraph 1 through 34 above.

36. Plaintiff is a member of a protected class on the basis of sex and/or sexual orientation.

37. Plaintiff was performing his job in a manner that was consistent with Defendants' legitimate business expectations.

38. Defendants discriminated against Plaintiff as described above, including but not limited to disparate treatment, subjecting him to a hostile work environment, subjecting Plaintiff to disparate treatment when compared to similarly situated heterosexual employees, subjecting Plaintiff to coaching, discipline, and reprimands, and ultimately terminating Plaintiff's employment.

39. Defendants' actions were taken with a willful and wanton disregard of Plaintiff's rights under Title VII.

40. As a proximate result of Defendants' discrimination, Plaintiff has suffered substantial financial losses, he has suffered severe and lasting humiliation, anguish, pain, suffering, and damage to his good name and reputation, as well other incidental and consequential damages and expenses, plus expenses and attorneys' fees incurred in seeking to remedy his injuries

### THIRD CAUSE OF ACTION
### Violation of the IHRA Against all Defendants

41. Plaintiff realleges paragraph 1 through 40 above.

42. Plaintiff is a member of a protected class on the basis of sex and/or sexual orientation.

43. Plaintiff, in all respects, was performing his job in a manner that was consistent with Defendants' legitimate business expectations.

44. Defendants discriminated against Plaintiff as described above, including but not limited to disparate treatment, subjecting him to a hostile work environment, subjecting Plaintiff to disparate treatment when compared to similarly situated heterosexual employees, subjecting Plaintiff to coaching, discipline, and reprimands, and ultimately terminating Plaintiff's employment.

45. Defendants' actions were taken with a willful and wanton disregard and in violation of Plaintiff's rights under the IHRA.

46. As a proximate result of Defendants' discrimination, Plaintiff has suffered substantial financial losses, he has suffered severe and lasting humiliation, anguish, pain, suffering, and damage to his good name and reputation, as well other incidental and consequential damages and expenses, plus expenses and attorneys' fees incurred in seeking to remedy his injuries.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to place Plaintiff in the position he would have occupied but for Defendant's discriminatory, retaliatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

| | |
|---|---|
| Dated: July 13, 2022 | Hall-Jackson & Associates |
| | /s/Chiquita Hall-Jackson |
| | Chiquita Hall-Jackson<br>Hall-Jackson & Associates<br>180 W. Washington Street STE 820<br>Chicago, Illinois 60602<br>(312) 255-7105 (telephone)<br>(312) 690-4763 (facsimile)<br>chj@hall-jacksonandassociates.com<br>*Attorney for Plaintiff* |